| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| David L. Neale (SBN 141225)<br>Beth Ann R. Young (SBN 143945)<br>Levene, Neale, Bender, Rankin & Brill L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067-6200<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Madison Capital Funding LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br><br>HOME ORGANIZERS INC.<br><br><br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 2:10-bk-19762-RN<br>DATE:<br>TIME:<br>CTRM:<br>FLOOR: |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: Madison Capital Funding LLC )
### (Personal Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☒ **255 East Temple Street, Los Angeles**     ☐ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☒ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing     ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.
   (3) ☒ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                                                 **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 2 of* __20__     **F 4001-1M.PP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| HOME ORGANIZERS INC. | | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: March 19, 2010

                                                        Levene, Neale, Bender, Rankin & Brill L.L.P.
                                                  *Print Law Firm Name (if applicable)*

David L. Neale, Esq.                                   /s/ David L. Neale
*Print Name of Individual Movant or Attorney for Movant*     *Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                              **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 3 of* __20__    **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| HOME ORGANIZERS INC. | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

# MOTION FOR RELIEF FROM STAY
**(MOVANT:** Madison Capital Funding LLC **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to the following personal property (the "Property"):

   ☐ Vehicle *(describe year, manufacturer, type, and model)*:

   *Vehicle Identification Number:*
   *Location of vehicle (if known):*

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:

   *Serial number(s):*
   *Location (if known):*

   ☒ Other Personal Property *(describe type, identifying information, and location)*:  Stock and membership interests in the Subsidiaries (as defined in the attached Memorandum of Points and Authorities) of Debtor.

2. **Case History:**
   a. ☒ A voluntary  ☐ An involuntary  petition under Chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was filed on *(specify date)*:
   b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) ☐ Movant's interest in the Property is not adequately protected.
         (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) ☐ The Property was transferred to Debtor(s) either just before the bankruptcy filing or since the filing.
         (c) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (d) ☐ Other bankruptcy cases have been filed asserting an interest in the same Property.
         (e) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 4 of* __20__     **F 4001-1M.PP**

| In re | (SHORT TITLE) | | CHAPTER: | 11 |
|---|---|---|---|---|
| HOME ORGANIZERS INC. | | Debtor(s). | CASE NO.: | 2:10-bk-19762-RN |

  (3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

  (4) ☐ The lease has been rejected or deemed rejected by operation of law.

  (5) ☒ For other cause for relief from stay, see attached continuation page. See also attached Memorandum of Points and Authorities.

 b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

4. ☒ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:**   *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

 a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

 b. ☐ Movant submits the attached supplemental Declaration(s) under penalty of perjury, to provide additional admissible evidence in support of this Motion.

 c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

 d. ☒ Other evidence *(specify)*:
   See attached Memorandum of Points and Authorities.

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)***:**

1. ☐ Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Property.

2. ☒ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. Additional provisions requested:

 a. ☐ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

 b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

 c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

 d. ☒ For other relief requested, see attached continuation page.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 5 of* __20__    **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| HOME ORGANIZERS INC. | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: March 19, 2010

Respectfully submitted,

Madison Capital Funding LLC
*Movant Name*

Levene, Neale, Bender, Rankin & Brill L.L.P.
*Firm Name of Attorney for Movant (if applicable)*

By: /s/ David L. Neale
*Signature*

Name: David L. Neale, Esq.
*Typed Name of Individual Movant or Attorney for Movant*

David L. Neale
Beth Ann R. Young
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067-6200
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

and

Randall L. Klein
Roger A. Lewis
Erin M. Casey
Goldberg Kohn Ltd.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 6 of 20*    F 4001-1M.PP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| HOME ORGANIZERS INC. | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

## PERSONAL PROPERTY DECLARATION
**(MOVANT:** Madison Capital Funding LLC **)**

I, James C. Powell, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the personal Property that is the subject of this Motion ("Property") because *(specify)*:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☒ I am employed by the Movant as *(state title and capacity)*: Senior Vice President.

    ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Property that is the subject of this Motion is:

    ☐ Vehicle *(describe manufacturer, type, model, and year)*:

    *Vehicle Identification Number:*
    *Location of vehicle (if known):*

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:

    *Serial number(s):*
    *Location (if known):*

    ☒ Other Personal Property *(describe type, identifying information, and location)*: Stock and membership interests in the Subsidiaries (as defined in the attached Memorandum of Points and Authorities) of Debtor.

4. Debtor(s) ☐ listed the Property on Schedule B  ☒ did not list the Property on Schedule B.

5. The nature of Debtor's(s') interest in the Property is:
    a. ☐ Sole owner
    b. ☐ Co-owner
    c. ☐ Lessee
    d. ☒ Other *(specify)*: Ownership of stock and membership interests without voting or other consensual rights.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    F 4001-1M.PP

Motion for Relief from Stay (Personal Property) - *Page 7 of* __20__    F 4001-1M.PP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| HOME ORGANIZERS INC. | | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

6. The lease was rejected on _____ *(specify date)*:

   a. ☐ by operation of law.

   b. ☐ by Order of the Court.

7. Movant has a perfected security interest in the Property.

   a. The Property is a motor vehicle, boat, or other property for which a Title Certificate is provided for by state law. True and correct copies of the following items are attached to this Motion:

     (1) ☐ Certificate of Title *("Pink Slip")* attached as Exhibit _____.

     (2) ☐ Vehicle or other Lease Agreement attached as Exhibit _____.

     (3) ☐ Security Agreement attached as Exhibit _____.

     (4) ☐ Other evidence of perfection attached as Exhibit _____.

   b. The Property is equipment, intangibles, or other personal property for which a Title Certificate is not provided for by state law. True and correct copies of the following items are attached:

     (1) ☒ Security Agreement attached as Exhibit A to the Memorandum of Points and Authorities.

     (2) ☒ UCC-1 Financing Statement attached as Exhibit __B__, as recorded on *(specify date)*: June 30, 2004 and June 3, 2009

     (3) ☐ UCC Financing Statement search results attached as Exhibit _____.

     (4) ☐ Results of search of recorded or filed leases attached as Exhibit _____.

     (5) ☐ Other evidence of perfection of a security interest attached as Exhibit _____.

   c. The Property is consumer goods. True and correct copies of the following items are attached:

     (1) ☐ Credit Application attached as Exhibit _____.

     (2) ☐ Purchase Agreement attached as Exhibit _____.

     (3) ☐ Account Statement showing payments made and balance due attached as Exhibit _____.

     (4) ☐ Other evidence of perfection of a security interest *(if necessary under state law)* attached as Exhibit _____.

   d. ☐ Other liens against the Property are set forth on the attached continuation page.

8. Status of Movant's debt:

   a. A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor(s) to Movant is attached as Exhibit A to the Memorandum of Points and Authorities.

   b. Amount of current monthly payment: $

   c. Number of payments that have come due and were not made:

   d. Last payment received on *(specify date)*:

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor(s) since the petition date. No postpetition payments have been made by the Debtor.

10. Amount of Movant's debt:

   a. Principal:                                        $ See the attached

   b. Accrued Interest:                             $ Memorandum of Points

   c. Costs (Attorney's Fees, Late Charges, Other Costs):    $ and Authorities.

   d. Advances (Property Taxes, Insurance):          $

   e. TOTAL CLAIM as of _____:    $

     See the attached Memorandum of Points and Authorities.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                     **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - Page 8 of __20__    F 4001-1M.PP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| HOME ORGANIZERS INC. | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

   f.  Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ would be due under the terms of the loan.

11. ☒ *(Chapter 7 and 11 cases only)* The fair market value of the Property is: $__Unknown__. This valuation is based upon the following supporting evidence:

   a.  ☐ This is the value indicated for collateral of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of collateral. True and correct copies of the relevant excerpts of the most recent edition are attached as Exhibit _____.

   b.  ☐ This is the value determined by an appraisal or other expert evaluation. A true and correct copy of the expert's report or declarations attached as Exhibit _____.

   c.  ☐ Debtor's(s') admissions in the Schedules filed in the case. A true and correct copy of the relevant portions of the Debtor's(s') Schedules are attached as Exhibit _____.

   d.  ☐ Other basis for valuation *(specify)*: [_____]

***NOTE:*** *If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.*

12. Calculation of equity in Property:

   a.  By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the Debtor's(s') equity in the Property is $__Unknown__ (§ 362(d)(2)(A)).

   b.  I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $__Unknown__ (§ 362(d)(1)).

13. ☒ The fair market value of the Property is declining based on/due to: __The fair market value of property is unknown.__

14. ☐ *(Chapter 12 or 13 cases only)* Chapter 12 or 13 case status information:

   a.  341(a) Meeting currently scheduled for (or concluded on) the following date:
Confirmation hearing currently scheduled for (or concluded on) the following date:
Plan confirmed at hearing on the following date *(if applicable)*:

   b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

     *(Number of)* _____ payment(s) due at $_____ each = $_____
     *(Number of)* _____ payment(s) due at $_____ each = $_____
     *(Number of)* _____ late charge(s) at $_____ each = $_____
     *(Number of)* _____ late charge(s) at $_____ each = $_____

   c.  Postpetition/preconfirmation advances or other charges due but unpaid:    $_____
(See attachment for details of type and amount.)

                      **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $_____

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    F 4001-1M.PP

Motion for Relief from Stay (Personal Property) - *Page 9 of* __20__    **F 4001-1M.PP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| HOME ORGANIZERS INC. | | Debtor(s). | CASE NO.: 2:10-bk-19762-RN |

  d. Postconfirmation/payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

    *(Number of)* _____ payment(s) due at $_____ each  =  $_____
    *(Number of)* _____ payment(s) due at $_____ each  =  $_____
    *(Number of)* _____ late charge(s) at  $_____ each  =  $_____
    *(Number of)* _____ late charge(s) at  $_____ each  =  $_____

  e. Postconfirmation advances or other charges due but unpaid:  $_____
    (See attachment for details of type and amount.)

    **TOTAL POSTCONFIRMATION DELINQUENCY:**  $_____

  f. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

  g. ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

15. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

16. ☒ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case.

  a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☒ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** _March 19_ , _2010_ , **at** _Chicago, Illinois_ *(city, state)*.

 

James C. Powell                     /s/ James C. Powell
*Print Declarant's Name*                    *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                               **F 4001-1M.PP**

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfred M. Lewis, Inc. v. Holzman (In re Telemart Enterprises, Inc.),* 524 F.2d 761 (9th Cir. 1975) ...................................................................................................................... 17

*Butner v. United States,* 440 U.S. 48 (1979) ............................................................................ 17

*Fogel v. U.S. Energy Systems, Inc.*, No. 3271-CC, 2008 WL 151857 (Del. Ch. 2008) ............ 16

*Ga. Pac. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962 (5th Cir. 1983) ......................................... 17

*In re Baquet*, 61 B.R. 495 (Bankr.D.Mont.1986) ..................................................................... 18

*In re Billingsley*, 276 B.R. 48 Bkrtcy.D.N.J. 2002) .................................................................. 18

*In re Contractors Equip. Supply Co.*, 861 F.2d 241 (9th Cir. 1988) ......................................... 17

*In re Farmers Markets, Inc.*, 792 F.2d 1400 (9th Cir. 1986) .................................................... 17

*In re Marvel Entertainment Group, Inc.,* 209 B.R. 832 (D. Del. 1997) .............................. 15, 16

*In re Schepps Food Stores, Inc.*, 160 B.R. 792 (Bankr. S.D. Tex. 1993) .................................. 16

*Matter of DePoy*, 29 B.R. 466 (Bankr.N.D.Ind.1983) .............................................................. 18

*NTA, LLC v. Concourse Holding Co., LLC*, 380 F.3d 523 (1st Cir. 2004) .............................. 16

*Saxon Indus., Inc. v. NKFW Parnters,* 488 A.2d 1298 (Del. 1985) .......................................... 16

*TTS, Inc. v. Citibank, N.A. ( In re TTS, Inc.)*, 158 B.R. 583 (D.Del.1993) ............................... 17

**Statutes**

11 U.S.C. § 362(d)(1) ................................................................................................................ 15

11 U.S.C. § 541(a)(1) .......................................................................................................... 16, 17

11 U.S.C. § 541(d) .................................................................................................................... 17

**Rules**

Federal Rule of Bankruptcy Procedure 4001(a)(3) ............................................................. 11, 19

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Madison Capital Funding LLC ("Agent"), by and through its undersigned counsel, moves this Court for entry of an order, *inter alia*, (i) declaring that the automatic stay is inapplicable to all actions, whether heretofore or hereafter taken, by Anthony Natale ("Natale") as the sole director of the boards of directors of the Subsidiaries (as defined below) organized as corporations; (ii) declaring that the Debtor's purported action to remove Natale as sole independent director is void and of no legal force or effect; (iii) granting Agent relief from the stay to the extent necessary to include the Debtor in adjudication of the pending Preliminary Injunction Action; (iv) waiving the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3); and (v) granting such other relief as this Court deems just and proper.  In support of the Motion, the Agent hereby states as follows:

### I.    INTRODUCTION

This Case was filed as a direct result of the prepetition grant of a Temporary Restraining Order enjoining the Debtor, its Subsidiaries and any agents, counsel or any other persons acting or purportedly acting on their behalf from taking any actions inconsistent with the appointment of Natale as the independent director of each of the Debtor's Subsidiaries organized as a corporation or the rights of Natale as a director.  True and correct copies of the Temporary Restraining Order and the related Preliminary Injunction Action Filings (as defined below) are attached hereto at Exhibit A.

In blatant disregard of the Temporary Restraining Order, the Debtor, its officers and counsel have purported to remove Natale as director, the illegally formed new boards of the Subsidiaries have commenced bankruptcy petitions on behalf of the Subsidiaries, and the Debtor and its representatives have threatened Agent and Natale that any actions taken by Natale would be sanctionable as violations of the Debtor's automatic stay.

For all of the reasons stated below, the Agent does not believe that any of Natale's actions as the director of the Subsidiaries validly appointed by the Agent can be construed as violating of the automatic stay. Further, any action taken by the Debtor or its representatives to remove Natale as a director is void because neither the Debtor nor anyone acting on behalf of or in concert with the Debtor had any right or authority to do so. Out of an abundance of caution, and because the Debtor and its representatives have threatened sanctions, the Agent has filed the accompanying Motion.

## II.    BACKGROUND

A.    **The Loan Transaction**

The Debtor, which is the direct or indirect parent of several subsidiaries: CBD Franchising, Inc., Home Closets Inc., Closets By Design, Inc., Closet World, Inc., Closet World Arizona LLC, Closet Dimensions, Inc., CBD Las Vegas LLC and Closet World, LLC (collectively, the "Subsidiaries"), entered into that certain Credit Agreement dated as of June 30, 2004 (as amended, supplemented or otherwise modified as of the date hereof, the "Credit Agreement"; capitalized terms used and not otherwise defined herein shall have the meanings ascribed thereto in the Credit Agreement) with the Agent and the lenders from time to time party thereto. Pursuant to the Credit Agreement and related Loan Documents, the Lenders provided the Debtor with loans in the original principal amount of $21,500,000 (the "Loan Transaction"). Pursuant to the Loan Transaction, the Debtor, as borrower, and the Subsidiaries, as guarantors, granted the Agent a continuing security interest in and lien on substantially all of their tangible and intangible personal property and assets, and granted the Agent certain rights to exercise with respect to the Collateral upon the occurrence of an Event of Default. The Debtor is indebted to the Lenders under the Credit Agreement in a principal amount not less than $8,107,602.15 as of

March 12, 2010, plus accrued and accruing interest, fees, costs and other charges. See Credit Agreement at Exhibit A, as Exhibit A to the Complaint (as defined below).

B.   **The Agent's Rights Under the Collateral Agreement**

Pursuant to Section 6.3(b) of that certain Guarantee and Collateral Agreement dated as of June 30, 2004 by and among the Agent, the Debtor and the Subsidiaries (as amended, supplemented or otherwise modified as of the date hereof, the "Collateral Agreement"), the Debtor granted the Agent the following rights upon an Event of Default:

> If an Event of Default shall have occurred and is continuing and Agent shall give notice of its intent to exercise such rights to the relevant Grantor or Grantors [the Debtor and the Subsidiaries], (i) Agent shall have the right to receive any and all cash dividends and distributions, payments or other Proceeds paid in respect of the Investment Property and make application thereof to the Secured Obligations in such order as Agent may determine, and (ii) any or all of the Investment Property shall be registered in the name of Agent or its nominee, and *Agent or its nominee may thereafter exercise (x) all voting and other rights pertaining to such Investment Property at any meeting of holders of the equity interests of the relevant Issuer or Issuers or otherwise* …. (emphasis added).

Collateral Agreement at ¶ 6.3(b). See Exhibit A, as Exhibit B to the Complaint.

"Investment Property" under the Collateral Agreement includes "Pledged Equity", which is comprised of all of the pledged shares and membership interests in the Subsidiaries. See Collateral Agreement at ¶ 1.2, Schedule 1. See Exhibit A, as Exhibit B to the Complaint.

Accordingly, the Debtor and the Subsidiaries expressly and unambiguously granted the Agent the right, upon an Event of Default, to exercise all voting and other rights pertaining to the shares and membership interests of the Subsidiaries.

C.   **The Agent's Exercise of Rights**

On March 9, 2010, due to numerous, uncured Events of Default, including the maturity of the loan facility, the Agent exercised such voting rights in the shares of the Subsidiaries. On such date it sent a Notice of Exercise of Voting Rights (the "Notice") to each of the Subsidiaries, the Debtor and their counsel and exercised its right to vote to replace the then-

existing boards of directors of each of the Subsidiaries organized as a corporation with Natale as the new, independent director. For each Subsidiary organized as a limited liability company, the Agent exercised its voting right to adopt of a new operating agreement making the direct parent company of that entity (in each instance, one of the other Subsidiaries) sole managing member. See Exhibit A, as Exhibit F to the Complaint.

### D. Temporary Restraining Order

The Debtor, its officers and directors, officers of the Subsidiaries and agents and counsel purporting to act on their behalf refused to recognize the validity of these actions by Agent and the rights of the new director, and threatened to file bankruptcy petitions on behalf of the Subsidiaries if the Agent did not withdraw or rescind its actions. In response to such threats, the Agent filed on March 15, 2010 a Verified Complaint for Declaratory Judgment and for Preliminary and Permanent Injunctive Relief, Emergency Motion for Ex Parte Temporary Restraining Order and for Preliminary Injunction (the "Complaint"), and Memorandum in Support of Emergency Motion for Ex Parte Temporary Restraining Order and for Preliminary Injunction, together with all exhibits and affidavits attached thereto (the "Preliminary Injunction Action Filings"), with the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "Circuit Court"). On March 16, 2010 the Circuit Court entered a Temporary Restraining Order (the "TRO") which, *inter alia*, prohibited the Debtor or any of the other defendants named therein from taking any actions inconsistent with the Agent's exercise of voting rights or the rights and obligations of Natale. Copies of the Preliminary Injunction Action Filings and TRO are attached hereto at Exhibit A. The action pending before the Circuit Court shall be referred to as the "Preliminary Injunction Action".

This Case was filed immediately upon, and in direct response to, Agent's obtaining of the TRO. Further, after the issuance of the TRO, the Debtor, its officers and counsel purported

to remove Natale as sole director of the Subsidiaries. The new "boards" installed after Natale's purported removal commenced bankruptcy cases on behalf of each of the Subsidiaries (the Agent is filing a Motion to Dismiss in each such bankruptcy case). All of these actions were in direct contravention of the TRO.

The Agent disagrees with any assertion by the Debtor or its agents that any of the actions taken or to be taken by Natale as the validly appointed director of the Subsidiaries constitutes a violation of the automatic stay. The Agent further disputes any action taken by the Debtor or any of its representatives to replace Natale because the Debtor did not have any voting power in respect of the stock Subsidiaries that would allow it to do so. Out of an abundance of caution, and because the Debtor and its representatives have threatened sanctions, the Agent has filed the accompanying Motion.

### III.    BASIS FOR RELIEF REQUESTED

Bankruptcy Code § 362(d) provides that the Court shall grant relief from the automatic stay to a secured creditor for cause. 11 U.S.C. § 362(d)(1).

**A.    The Automatic Stay is Inapplicable to Any Actions Taken by Natale as Independent Director**

The Debtor has indicated its belief that Agent would be violating the automatic stay by exercising its lawfully acquired corporate governance power to replace board members of the Subsidiaries. Because the boards of the Subsidiaries were changed in accordance with the unambiguous terms of the Collateral Agreement, Agent is not seeking to "exercise rights accruing to them as creditors" but as shareholders. *See In re Marvel Entertainment Group, Inc.,* 209 B.R. 832, 839 (D. Del. 1997). In *Marvel*, the court explained that in an identical situation, "the automatic stay provisions of the Bankruptcy Code are not implicated by the exercise of

shareholders' corporate governance rights." *Id.* at 838. Moreover, "federal bankruptcy courts have held that corporate governance does not cease when a company files a petition under Chapter 11 and that issues of corporate governance are best left to the courts of the state of incorporation." *Fogel v. U.S. Energy Systems, Inc.*, No. 3271-CC, 2008 WL 151857, at *1 (Del. Ch. 2008); *see In re Schepps Food Stores, Inc.*, 160 B.R. 792, 799 (Bankr. S.D. Tex. 1993) ("state law standards continue to apply to post-petition fiduciary obligations"). Indeed, "insolvency alone, irrespective of degree, does not divest the stockholders of a Delaware corporation of their right to exercise the powers of corporate democracy." *Fogel*, 2008 WL 151857, at *1 (citing *Saxon Indus., Inc. v. NKFW Parnters,* 488 A.2d 1298, 1300 (Del. 1985)).

Any action taken by Natale as a director of the Subsidiaries is or would be taken as a means to overseeing the business and operations of the Subsidiaries. It strains credulity to somehow cast the actions of a director, who was appointed prepetition as a board member of a Subsidiary of the Debtor, as in any way violating the stay that exists for the Debtor's estate. Nonetheless, because of the Debtor's concern about violations of the automatic stay, Agent seeks a determination that any exercise of corporate governance rights by the board is not implicated by the automatic stay since the "boards" are not property of the Debtor's estate.

B.    **The Debtor Did Not Have Any Right or Authority to Remove Natale as a Director**

Upon the filing of a bankruptcy case, the bankruptcy estate is created. Bankruptcy Code § 541(d) states, in pertinent part, that the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Debtor "cannot succeed to a greater interest in property than the debtor held prior to bankruptcy." *NTA, LLC v. Concourse Holding Co., LLC*, 380 F.3d 523, 528 (1st Cir. 2004)

(holding that the primary assets of debtor, placed in escrow pre-petition as part of agreement to avoid foreclosure by lender, were not part of Chapter 11 bankruptcy estate) (citing 11 U.S.C. § 541(d); *see also Ga. Pac. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 968 (5th Cir. 1983) ("[T]he rule is elementary that the estate succeeds only to the title and right in the property that the debtor possessed ....") (quotations omitted); *TTS, Inc. v. Citibank, N.A. ( In re TTS, Inc.)*, 158 B.R. 583, 585 (D.Del.1993) ("Section 541 does not give the debtor any greater rights to property than the debtor had before filing for Chapter 11.")).

> Non-bankruptcy law determines the scope of the debtor's estate.  Section 541(a)(1):
>
> merely defines what interests of the debtor are transferred to the estate. It does not address the threshold questions of the existence and scope of the debtor's interest in a given asset. Under both the Act and the Code, we resolve these questions by reference to nonbankruptcy law.

*In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986) (citing *Alfred M. Lewis, Inc. v. Holzman (In re Telemart Enterprises, Inc.),* 524 F.2d 761, 765 (9th Cir. 1975), *cert. denied,* 424 U.S. 969, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976).

Generally, state law determines what interests the debtor holds in property.  *Butner v. United States,* 440 U.S. 48, 54 & n. 9 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 244 (9th Cir. 1988) ("Whether a debtor in possession has an interest in property is determined by state law.").

The actions of the Debtor and its representatives to attempt to remove Natale as director of the Subsidiaries was not only in direct contravention of the TRO, it was an action that those parties had no authority to take because all voting and consensual rights in the stock of the Subsidiaries had vested in the Agent prepetition after the occurrence of the Events of Default and

the issuance of the Notice.  The filing of bankruptcy by the Debtor did not somehow augment the Debtor's rights such as to divest the Agent of the voting power it held prepetition under the Collateral Agreement and somehow revest this power in the Debtor.  See *In re Baquet*, 61 B.R. 495, 497-98 (Bankr.D.Mont.1986) ("[T]he bankruptcy estate succeeds to no more interest than the Debtor possessed or had, and the estate takes its interest subject to such conditions.") (citing *Matter of DePoy*, 29 B.R. 466, 469 (Bankr.N.D.Ind.1983); *In re Billingsley*, 276 B.R. 48, 53 (Bkrtcy.D.N.J. 2002) ("The debtor should not enjoy greater rights under her contract inside of bankruptcy than she would enjoy outside of bankruptcy.")

      C.      **The Automatic Stay Should be Lifted to the Extent Necessary to Include the Debtor in Adjudication of the Pending Preliminary Injunction Action**

The Agent does not believe that confirmation of the legal effect of the prepetition appointment of Natale as the independent director of the Subsidiaries is an action against property of the Debtor's estate, however to the extent the automatic stay is applicable, cause exists to lift the automatic stay for the limited purposes of determining the rights of Natale as the properly appointed director of the Subsidiaries and enjoining interference by the Debtor and other parties with Natale's actions as director.  The Debtor's sole assets are the equity interests of the Subsidiaries and the Preliminary Injunction Action will not affecting those equity interests.

      V.      **CONCLUSION**

The Agent respectfully requests that this Court enter an order:  (i) declaring that the automatic stay is inapplicable to all actions, whether heretofore or hereafter taken, by Natale as the sole director of the boards of directors of the Subsidiaries organized as corporations; (ii) declaring that the Debtor's purported action to remove Natale as sole independent director is void and of no

legal force or effect; (iii) granting Agent relief from the stay to the extent necessary to include the Debtor in adjudication of the pending Preliminary Injunction Action; (iv) waiving the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3); and (v) granting such other relief as this Court deems just and proper.

Dated:  March 19, 2010                                   Respectfully submitted,

**MADISON CAPITAL FUNDING LLC**

By: */S/ David L. Neale*

David L. Neale (SBN 141225)
Beth Ann R. Young (SBN 143945)
Levene, Neale, Bender, Rankin & Brill LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067-6200
(310) 229-1234 (telephone)
(310) 229-1244 (facsimile)

Randall L. Klein (ARDC # 6204582)
Roger A. Lewis (ARDC # 06229704)
Erin M. Casey (ARDC # 6278374)
Goldberg Kohn Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000 (telephone)
(312) 332-2196 (facsimile)