FORM B104  (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Home Organizers Inc. | DEFENDANTS<br>Madison Capital Funding LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Peitzman, Weg & Kempinsky LLP<br>10100 Santa Monica Blvd, Suite 1450<br>Los Angeles, CA 90067 | ATTORNEYS (If Known)<br>Goldberg Kohn Ltd.<br>55 East Monroe, Suite 3300<br>Chicago, Illinois 60603 |
| PARTY (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief Pursuant to 11 U.S.C § 362(a); Injunctive Relief Pursuant to 11 U.S.C § 105(a)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false
representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state
court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 9,000,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                        2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Home Organizers Inc. | 2:10-19762-RN |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Los Angeles | Neiter |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *David B. Shemano* (signature) |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 3/19/10 | David B. Shemano |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

David B. Shemano (State Bar No. 176020)
dshemano@pwkllp.com
Scott F. Gautier (State Bar No. 211742)
sgautier@pwkllp.com
Julian I. Gurule (State Bar No. 252160)
jgurule@pwkllp.com
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile:  (310) 552-3101

Proposed Counsel for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:10-bk-19762-RN |
| HOME ORGANIZERS INC., | Chapter 11 |
| Debtor. | |
| HOME ORGANIZERS INC., | Adv. Case No.: |
| Plaintiff, | **COMPLAINT FOR (1) DECLARATORY RELIEF CONCERNING SCOPE OF THE AUTOMATIC STAY, AND (2) INJUNCTIVE RELIEF ENJOINING EXERCISE OF SHAREHOLDER VOTING RIGHTS UNDER PLEDGE AGREEMENT** |
| v. | |
| MADISON CAPITAL FUNDING LLC, | |
| Defendant. | |

Plaintiff Debtor Home Organizers Inc. (the "Debtor") hereby represents and alleges as follows:

## JURISDICTION AND VENUE

1.     On March 16, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"), thereby commencing the above-captioned bankruptcy case ("Bankruptcy Case").

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

3.      This adversary proceeding is brought pursuant to Federal Rules of Bankruptcy Procedure 7001(7) and (9).

4.      Venue in this judicial district is proper pursuant to 28 U. S. C. § 1409(a).

### **PARTIES**

4.      The Debtor is the debtor in the above captioned Bankruptcy Case.  The Debtor is and at all relevant times referenced herein was, a corporation organized under the laws of Delaware and authorized to do business in California, with its principal place of business located in Whitter, California. The Debtor is the parent company of CBD Franchising, Inc., Home Closets, Inc., Closets By Design, Inc., Closet World, Inc., Closet Dimensions, Inc., and certain affiliates thereof (the "Subsidiaries," and collectively with the Debtor, the "Company").  The Company is one of the largest custom closet and other home organization system companies in the United States with several name brands, a nationwide franchise network, and over 500 employees in California.

5.      Defendant Madison Capital Funding LLC ("Madison") is a Delaware limited liability company.

6.      Frank Melkonian ("Melkonian") started the Company's business in 1991 and is the Chief Executive Officer, President, and Chairman of the Debtor's board of directors.   Melkonian owns 100% of the Debtor's common stock and a significant percentage of the Debtor's Series B Stock (collectively, the "Melkonian Stock Interest").  Pursuant to the Debtor's Articles of Incorporation and By-Laws, the Melkonian Stock Interest provides Melkonian the right to elect four of the Debtor's six board members.

2

## **GENERAL ALLEGATIONS**

The Financing Arrangement With Madison

7.    The Debtor and Madison entered into a financing arrangement pursuant to a Credit Agreement dated as of June 30, 2004 (including all amendments, the "Credit Agreement").  Madison claims that the Debtor is currently indebted to Madison in the approximate amount of $7.5 million (the "Indebtedness").  Madison claims that the Indebtedness is secured by substantially all of the assets of the Debtor and the Subsidiaries.

8.    In connection with the entry into the Credit Agreement, Melkonian signed a Pledge Agreement dated June 30, 2004, pursuant to which Madison claims that Melkonian granted Madison an accommodation, non-recourse, security interest in the Melkonian Stock Interest.  Except for the pledge of the Melkonian Stock Interest, Melkonian is not liable for the Indebtedness.

9.    Pursuant to Section 6(a) of the Pledge Agreement, Melkonian has the right to exercise any and all voting rights with respect to the Melkonian Stock Interest so long as no Event of Default (as defined in the Credit Agreement) exists and Madison shall not have delivered a notice of its election to exercise its rights set forth in Section 6(b) of the Pledge Agreement (a "Notice").  Pursuant to Section 6(b), during the existence of an Event of Default and after the requisite notice, among other things, Madison claims to have the right to exercise all voting rights with respect to the Melkonian Stock Interest.

10.    Pursuant to Section 11(a) of the Pledge Agreement, Madison may not exercise any voting rights under Section 6(b) unless and until Madison delivers a Notice and the Event of Default(s) is not cured within 10 business days from delivery of the Notice (the "10-Day Period").

Madison Exercises Rights And Remedies

11.    Madison claims that certain Events of Default under the Credit Agreement occurred in 2009.  For approximately the past year, the Debtor worked in good faith with Madison to address the Events of Default and a restructuring of the Indebtedness.  However, in the past week, Madison has elected to exercise rights and remedies in its capacity as a creditor that threaten the viability of the Company and its ability to function as an operating entity, including attempting to gain control of the

Company through the exercise of pledged corporate governance rights granted under the loan documents.  Among other actions:

      a.      On March 9, 2010, Madison sent notices to the Debtor purporting to exercise rights under a collateral agreement to exercise voting rights with respect the Debtor's equity interests in the Subsidiaries (the "Subsidiary Notices").  Madison then purported to replace the existing board of directors of each of the Subsidiaries with a new board member elected by Madison.

      b.      On or about March 12, 2010, Madison swept the Company's bank accounts of approximately $1.9 million in cash, including approximately $1 million in cash attributable to customer deposits held by the Debtor in its capacity as a licensed contractor.

      c.      On March 15, 2010, without any notice to the Company, Madison filed a complaint in the Circuit Court of Cook County, Illinois County Department, Chancery Division (the "State Court") and obtained a temporary restraining order ("TRO") purporting to enjoin the Debtor, the Subsidiaries, and their officers, agents and attorneys, from exercising any rights or taking any actions inconsistent with (i) the Subsidiary Notices, and (ii) the rights and obligations of the new director elected by Madison for each of the Subsidiaries, including filing a petition for relief under Bankruptcy Code on behalf of the Subsidiaries without the consent of the new director.

<u>Madison Attempts To Take Control Of The Debtor</u>

      12.      In addition to the purported rights and remedies referenced above, on March 9, 2010, Madison sent a notice to Melkonian informing Melkonian that due to the occurrence and continuation of certain specified Events of Default, Madison intended to exercise its voting rights with respect to the Melkonian Stock Interest under Section 6.3(b) of the Pledge Agreement upon the expiration of the 10-Day Period, which is March 23, 2010 (the "March 9 Notice").

      13.      The March 9 Notice contains a written consent of stockholders in lieu of meeting (the "Written Consent"), effective as of March 23, 2010, signed by Madison in the exercise of its claimed right to vote the Melkonian Stock Interest and other voting shares.  Among other provisions, the Written Consent provides for the removal of all of the Debtor's existing directors and the election of a single new director elected by Madison.

4

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief Pursuant to 11 U.S.C § 362(a))

14.     The Debtor realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 13 above, as if set forth fully herein.

15.     Madison's right to exercise voting rights under the Pledge Agreement derives, if at all, from its rights as a creditor of the Debtor and not as a shareholder of the Debtor.  Madison's attempt to exercise voting rights pursuant to the Pledge Agreement is a right and remedy that Madison intends to exercise in connection with its effort to collect the Indebtedness and recover on its claim against the Debtor.

16.     If Madison is permitted to exercise voting rights to replace the Debtor's existing board of directors with a director elected by Madison, Madison will obtain, possess and exercise full control over the operation of the Debtor and its assets.

17.     Any attempt by Madison to exercise any voting rights with respect to the Melkonian Stock Interest or to interfere with the corporate governance of the Debtor is a violation of section 362(a) of the Bankruptcy Code.

18.     The Debtor provided notice to Madison of the commencement of the Bankruptcy Case on the Petition Date.  The Debtor also delivered correspondence to Madison on March 18, 2010, requesting confirmation that Madison acknowledged that the exercise of voting rights and removal of the existing directors would violate the automatic stay.  Madison has neither withdrawn the Written Consent, which purports to be become effective by its terms on March 23, 2010, nor responded to the Debtor's request for acknowledgment concerning the applicability of the automatic stay.

19.     An actual and justiciable controversy has arisen and exists between the Debtor and Madison.  A judicial resolution is warranted and necessary to enable the parties to know the nature and extent of their legal rights and obligations.

20.    By reason of the foregoing, the Debtor is entitled to declaratory relief that any attempt by Madison to exercising any voting rights with respect to the Melkonian Stock Interest or to interfere with the corporate governance of the Debtor is a violation of section 362(a) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

### (Injunctive Relief Pursuant to 11 U.S.C § 105(a))

21.    The Debtor realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 20 above, as if set forth fully herein.

22.    The Company is a historically profitable business that has a reasonable likelihood of successfully reorganizing its business in accordance with the provisions of the Bankruptcy Code.

23.    Madison's election to exercise rights and remedies (a) threatens the viability of the Company and its ability to function as an operating entity, and (b) will result in Madison, a creditor, taking control of the Company and its assets through the exercise of pledged corporate governance rights.  The Debtor was, therefore, forced to commence this Bankruptcy Case to invoke the Bankruptcy Code to obtain a breathing spell from Madison's enforcement of rights and remedies to prepare and negotiate a reorganization plan that will maximize the value of the estate for the benefit of all creditors and constituencies.

24.    As alleged above, Melkonian is the Chief Executive Officer, President, Chairman of the Board, and controlling stockholder of the Debtor.  Melkonian formed the Company's business in 1991 as a small business, and through hard work and dedicated entrepreneurship, led the Company to its present status as one of the largest custom closet and other home organization system companies in the country with several name brands, a nationwide franchise network, and over 500 employees in California.  Melkonian will be critical to the success of any reorganization plan proposed by the Debtor, including the infusion of substantial new value funds to satisfy the claims of creditors and other requirements of the plan.  However, if Madison, a creditor, is permitted to exercise pledged voting rights with respect to the Melkonian Stock Interest and replace the current board and management, the Debtor will be precluded from preparing and negotiating a reorganization plan that maximizes the value of the

6

estate for the benefit of all creditors and constituencies. Instead, Madison will exercise its rights and remedies as a creditor for the benefit of Madison.

25.      Any action by Madison to exercise voting rights with respect to the Melkonian Stock Interest will adversely and negatively affect the Debtor's assets, business, bankruptcy estate and creditors.

26.      The Debtor will suffer permanent and irreparable harm if Madison is allowed to exercise voting right with respect to the Melkonian Stock Interest and replace the existing board of directors.

27.      By reason of the foregoing, the Debtor is entitled to injunctive relief prohibiting Madison from exercising any voting rights with respect to the Melkonian Stock Interest or interfering with the corporate governance of the Debtor.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Debtors prays for judgment as follows:

1.      Declaratory relief that any attempt by Madison to exercise any voting rights with respect to the Melkonian Stock Interest or interfere with the corporate governance of the Debtor will be a violation of section 362(a) of the Bankruptcy Code and, therefore, void and of no force and effect.

2.      A temporary restraining order and preliminary and permanent injunctions prohibiting Madison from exercising any voting rights with respect to the Melkonian Stock Interest or interfering with the corporate governance of the Debtor.

3.      Recovery of attorney's fees and other damages as allowed by law.

Dated: March 19, 2010                    PEITZMAN, WEG & KEMPINSKY LLP


                                         By:___/s/ David B. Shemano_____
                                              David B. Shemano
                                              Scott F. Gautier
                                         Proposed Counsel for the Debtor and Debtor-In-Possession

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |

David B. Shemano (State Bar No. 176020)
Scott F. Gautier (State Bar No. 211742)
Julian I. Gurule (State Bar No. 252160)
Peitzman, Weg & Kempinsky LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

*Attorney for Plaintiff* HOME ORGANIZERS INC.

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re:
HOME ORGANIZERS INC.

Debtor.

CHAPTER   11

CASE NUMBER  2:10-19762-RN

ADVERSARY NUMBER

Home Organizers, Inc.

Plaintiff(s),

vs.

Madison Capital Funding LLC

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF
STATUS CONFERENCE**

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**     ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**     ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*

**F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: 2:10-19762-RN |
|---|---|---|
| HOME ORGANIZERS INC. | | |
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*    **F 7004-1**

Summons and Notice of Status Conference - *Page 3*

**F 7004-1**

| In re                      (SHORT TITLE) | CASE NO.: 2:10-19762-RN |
|---|---|
| HOME ORGANIZERS INC.                                          Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**