Howard J. Weg (State Bar No. 91057)
*hweg@pwkllp.com*
David B. Shemano (State Bar No. 176020)
*dshemano@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Counsel for the Debtors and Debtors in Possession

**FILED & ENTERED**

AUG 23 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pickett    DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HOME ORGANIZERS, INC., a Delaware corporation, HOME CLOSETS, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSETS BY DESIGN, INC., a California corporation, CLOSET WORLD, INC., a Delaware corporation, CLOSET DIMENSIONS, INC., a California corporation, CBD LAS VEGAS LLC, a Nevada limited liability company, and CLOSET WORLD ARIZONA, LLC, a Nevada limited liability company,<br><br>Debtors.<br><br>**Check One or More as Appropriate:**<br><br>Affects All Debtors: ☒<br>Affects Home Organizers Inc. only: ☐<br>Affects Home Closets, Inc. only: ☐<br>Affects CBD Franchising, Inc. only: ☐<br>Affects Closets By Design, Inc. only: ☐<br>Affects Closet World, Inc. only: ☐<br>Affects Closet Dimensions, Inc. only: ☐<br>Affects CBD Las Vegas LLC only: ☐<br>Affects Closet World Arizona LLC only: ☐ | Case No.: 2:10-bk-19762-RN<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos.: 2:10-19972-RN, 2:10-19973-RN, 2:10-19974-RN, 2:10-19975-RN, 2:10-19976-RN, 2:10-19977-RN and 2:10-19978-RN)<br><br>**ORDER (1) DISMISSING CHAPTER 11 CASES AND (2) RESERVING JURISDICTION WITH RESPECT TO SPECIFIED MATTERS**<br><br>Hearing:<br>Date:   July 22, 2010<br>Time:   2:00 p.m.<br>Place:  Courtroom 1645<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

The Motion For Dismissal Of Chapter 11 Cases (the "Motion") filed by the above-captioned debtors (the "Debtors"), came on for hearing before the Honorable Richard M. Neiter, United States Bankruptcy Judge, on July 22, 2010, at 2:00 p.m. (the "Hearing"). Appearances were made as reflected in the Bankruptcy Court's record. Capitalized terms used herein shall have the meanings ascribed to them in the Motion, unless otherwise defined.

On July 7, 2010, the Debtors, on the one hand, and SKM Equity Fund III, L.P. and SKM Investment Fund (collectively, "SKM"), on the other hand, filed a stipulation for a discovery and briefing schedule with respect to the Motion (the "Stipulation"). On July 14, 2010, the Bankruptcy Court entered its Order approving the Stipulation, as modified by the Bankruptcy Court.

Oppositions to the Motion were filed by SKM and Parallel Investment Partners, LLC ("Parallel") and by Sitrick and Company, Inc. (collectively, the "Oppositions"). Tony Williams, as Class Representative, filed a notice of non-opposition to the Motion (the "Non-Opposition"). The Creditors' Committee filed a statement in support of the Motion (the "Committee Statement"). Each of the Debtors and Exclusive Funding LLC ("EF") filed a reply in support of the Motion (the "Debtor Reply" and the "EF Reply").

After consideration of the Motion, the Oppositions, the Non-Opposition, the Committee Statement, the Debtor Reply, the EF Reply, all declarations and other documents filed in support thereof, the arguments of counsel, the files and records in these jointly administered chapter 11 cases, and sufficient cause appearing, based upon the findings of fact and conclusions of law set forth on the record by the Bankruptcy Court at the Hearing and which are incorporated herein by reference, the Bankruptcy Court hereby makes the following findings of fact and conclusions of law:

1. On March 16-18, 2010 (the "Petition Dates"), the Debtors' bankruptcy cases were filed following the exercise of rights and remedies by Madison Capital Funding, LLC ("Madison"), the Debtors' secured lender on the Petition Dates.

2. On or about April 6, 2010, the Debtors and Madison reached agreement on a stipulated settlement order resolving their disputes (the "Settlement Order"). The Bankruptcy Court initially entered the Settlement Order on April 27, 2010. Pursuant to a motion for clarification, the Bankruptcy Court entered a revised Settlement Order on May 26, 2010.

3. Pursuant to the Settlement Order, among other things, the Debtors agreed to a timetable by which they were required to undertake and accomplish certain actions toward the ultimate consummation of a sale of their businesses and payoff of Madison's claims no later than July 30, 2010 (the "Sale Milestones") in the event no other consensual resolution with Madison was reached. In the event that the Debtors failed to satisfy the Sale Milestones or the occurrence of another "Board

Replacement Event," as described in the Settlement Order, Madison was entitled to exercise certain rights and remedies, including replacing the Debtors' board of directors.

4. On or about June 10, 2010, EF acquired all of Madison's claims against the Debtors.

5. After the acquisition, EF agreed to extend all Sale Milestones for 60 days.

6. The Debtors filed and served the Motion and notice of the Motion on July 1, 2010. Service of the Motion and notice of the Motion was adequate and sufficient under the circumstances of these chapter 11 cases and this proceeding and complied with the applicable requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the procedural due process requirements of the United States Constitution.

7. Pursuant to the Motion, the Debtors request a dismissal of the cases in order to resume operations outside of bankruptcy and pay prepetition unsecured claims in full.

8. In support of the Motion, the Debtors submitted as evidence a forbearance agreement executed by the Debtors and EF on July 1, 2010 (the "Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit A.

9. In support of the Motion, the Debtors submitted as evidence a cash flow projection prepared by the Debtors and reviewed by FocalPoint Securities, LLC, the Debtors' investment banker, that projects the Debtors' cash flow through December 2010. A true and correct copy of the cash flow projection is attached hereto as Exhibit B.

10. In support of the Motion, the Debtors and Creditors' Committee submitted as evidence declarations that state that the Creditors' Committee and the Debtors' largest vendors support dismissal of these cases.

11. In response to certain objections raised by SKM and Parallel in their Opposition concerning the terms of the Forbearance Agreement, the Debtors and EF entered into a First Amendment to Forbearance Agreement on July 18, 2010 (the "First Amendment"). A true and correct copy of the First Amendment is attached hereto as Exhibit C.

12. In response to certain concerns raised by the Bankruptcy Court, SKM and Parallel at the Hearing concerning the terms of the Forbearance Agreement, the Debtors and EF entered into a Second Amendment to Forbearance Agreement on July 27, 2010 (the "Second Amendment"). A true and correct copy of the Second Amendment is attached hereto as Exhibit D. The Forbearance

Agreement, as amended by the First Amendment and Second Amendment, is referred to as the "Amended Forbearance Agreement."

13. Dismissal of the cases is supported by the Debtors, the Creditors' Committee, several of the Debtors' largest unsecured creditors, and EF. The only parties that appeared at the Hearing and objected to dismissal were SKM and Parallel.

14. Based upon the circumstances of the cases and evidence presented to the Bankruptcy Court, the interests of creditors and the debtor would be better served by dismissal of the cases as opposed to a continuation of the chapter 11 cases. Dismissal will permit an expedited payment to unsecured creditors and a return to normal operations and avoid any further damage to the Debtors' operating business caused by the chapter 11 filings, and avoid the incurrence of significant delay and administrative expenses. Alternatively, if dismissal is denied and the Debtors are required to attempt to confirm a reorganization plan in accordance with sections 1121 to 1129 of the Bankruptcy Code, payment to unsecured creditors will be indefinitely delayed, the operating business may suffer, and significant administrative expenses will be incurred.

**15.** Based upon the circumstances of the cases and evidence presented to the Bankruptcy Court, the Debtors have demonstrated cause for dismissal of these cases.

Based on the foregoing findings of fact and conclusions of law, it is hereby **ORDERED THAT:**

A. Subject to the terms, conditions and reservations of jurisdiction set forth in this Order, the Debtors' chapter 11 cases are hereby dismissed pursuant to sections 305(a)(1) and 1112(b) of the Bankruptcy Code.

B. The dismissal shall not affect any orders, judgments, or findings of facts and conclusions of law entered by the Court during the pendency of the cases, all of which shall continue in force and effect notwithstanding the dismissal.

C. The dismissal shall not impair, prejudice or otherwise affect any right or remedy that any interested party may have under applicable law. Without limitation, while the Bankruptcy Court considered the Amended Forbearance Agreement in connection with the Motion, the Bankruptcy Court was not asked to and is not approving the Amended Forbearance Agreement, and all rights and

remedies of any person with respect to the Amended Forbearance Agreement are expressly reserved.

D. The Court hereby retains jurisdiction to determine the fees and expenses that shall be paid to the professionals employed by the Debtors or the Creditors' Committee pursuant to section 330 of the Bankruptcy Code in the event of any dispute concerning such fees and expense. Within forty-five days after entry of this Order, all professionals employed by the Debtors or the Creditors' Committee shall file with the Court either (1) a notice that the Debtors and the professional are in agreement concerning the payment of fees and expenses to the professional, or (2) a final fee application.

E. The United States Trustee is awarded a judgment for all United States Trustee Quarterly Fees due and owing through entry of this Order, which shall be paid no later than thirty days after entry this Order.

F. The Bankruptcy Court shall retain jurisdiction to interpret and enforce the terms or effect of this Order.

G. This Order shall be effective immediately upon entry.

###

DATED: August 23, 2010

_____
United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

| In re: | CHAPTER 11 |
|---|---|
| Home Organizers, Inc., et. al. | CASE NUMBER: 2:10-bk-19762-RN |
| Debtor(s). | (Jointly Administered with Case Nos.: 2:10-19972-RN, 2:10-19973-RN, 2:10-19974-RN, 2:10-19975-RN, 2:10-19976-RN, 2:10-19977-RN and 2:10-19978-RN) |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Peitzman, Weg & Kempinsky, LLP**
**10100 Santa Monica Blvd., Suite 1450**
**Los Angeles, CA 90067**

A true and correct copy of the foregoing document described as **ORDER (1) DISMISSING CHAPTER 11 CASES AND (2) RESERVING JURISDICTION WITH RESPECT TO SPECIFIED MATTERS**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 29, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Served by U.S. Mail**
Honorable Richard M. Neiter
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012

**Served by U.S. Mail**
Office of the United States Trustee

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| Home Organizers, Inc., et. al.  Debtor(s). | CASE NUMBER: 2:10-bk-19762-RN |
| | (Jointly Administered with Case Nos.: 2:10-19972-RN, 2:10-19973-RN, 2:10-19974-RN, 2:10-19975-RN, 2:10-19976-RN, 2:10-19977-RN and 2:10-19978-RN) |

Russell Clementson
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 29, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Served by Electronic Mail:**
**Counsel for SKM Equity Fund, L.P.:**
Michael Tuchin: mtuchin@ktbslaw.com
David Stern: dstern@ktbslaw.com

**Served by Electronic Mail:**
**Counsel for Official Committee of Unsecured Creditors:**
Paul Arrow: PARROW@buchalter.com

**Served by Electronic Mail:**
**Special Counsel for Debtors:**
Chris Reeder: creeder@reederlugreen.com

**Served by Electronic Mail:**
**Counsel for Exclusive Funding LLC**
Marc Cohen, Esq.
marccohen@kayescholer.com
Ashleigh Danker, Esq.
adanker@kayescholer.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 29, 2010** | **Matthew M. Dryer** | **/s/ Matthew M. Dryer** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**NOTE TO USERS OF THIS FORM:**
**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re:<br><br>Home Organizers, Inc., et. al.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:10-bk-19762-RN<br>(Jointly Administered with Case Nos.:<br>2:10-19972-RN, 2:10-19973-RN, 2:10-19974-RN,<br>2:10-19975-RN, 2:10-19976-RN, 2:10-19977-RN<br>and 2:10-19978-RN) |
|---|---|

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER (1) DISMISSING CHAPTER 11 CASES AND (2) RESERVING JURISDICTION WITH RESPECT TO SPECIFIED MATTERS**, was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ¥ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **July 29, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Paul S Arrow     parrow@buchalter.com, ifs_filing@buchalter.com
- Korin A Avelino     kelliott@ktbslaw.com
- Russell Clementson     russell.clementson@usdoj.gov
- Alicia Clough     alicia.clough@kayescholer.com
- Scott F Gautier     sgautier@pwkllp.com
- Julian I Gurule     jgurule@milbank.com
- Jennifer Leland     jleland@pwkllp.com
- Krikor J Meshefejian     kjm@lnbrb.com
- Dennis D Miller     dmiller@steinlubin.com
- Monserrat Morales     mmorales@pwkllp.com
- David L. Neale     dln@lnbrb.com
- Andrew S Pauly     apauly@gpfm.com
- Christopher S Reeder     ecfnotices@reederlu.com
- Allan D Sarver     ADSarver@aol.com
- Benjamin Seigel     bseigel@buchalter.com, IFS_filing@buchalter.com
- David B Shemano     dshemano@pwkllp.com
- Jonathon Shenson     jshenson@ktbslaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Alex P Vu     alex.vu@wellsfargo.com
- Kimberly S Winick     kwinick@clarktrev.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                        **F 9021-1.1**

| In re: | CHAPTER 11 |
|---|---|
| Home Organizers, Inc., et. al. | CASE NUMBER: 2:10-bk-19762-RN |
| Debtor(s). | (Jointly Administered with Case Nos.: 2:10-19972-RN, 2:10-19973-RN, 2:10-19974-RN, 2:10-19975-RN, 2:10-19976-RN, 2:10-19977-RN and 2:10-19978-RN) |

- Beth Ann R Young    bry@lnbrb.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9021-1.1**